MICHAEL GORMLEY ET AL.
v.
GERTRUDE UTHE.

TRYING CASES-OUT OF ORDER—FIVE-DAY RULE.—The rule of the Superior
Court, permitting causes to be advanced and tried out of their order on the
docket, is inconsistent with the Practice Act, and is void.

APPEAL from the Superior Court of Cook county, the Hon.
JOSEPH E. GARY, Judge, presiding.

Mr. MORTON CULVER, for appellants ; argued that plaintiff,
having filed no affidavit with her declaration, was not entitled
to a default, even though the defendants had not filed an affi-
davit of merits, and cited Angel v. Plume & Atwood Mfg. Co.
73 Ill. 412.

That the rule of the Superior Court is in contravention of
the statute, Fisher v. Nat. Bank of Commerce, 73 Ill. 34; Gris-
wold v. Shaw, 79 Ill. 449; C. D. & V. R. R. Co. v. Bank of
North America, 9 Chicago Legal News, 12; Beardsley v. Gos-
ling, 10 Chicago Legal News, 170.

Mr. W. H. CONDON, for appellee; insisted that the action of
the court, in determining what is a good and sufficient cause
for trying a case out of its order, cannot be reviewed, and cited
Smith v. Third Nat. Bank of St. Louis, 79 Ill. 118; Singer, etc.
v. May, 10 Chicago Legal News, 170.

MURPHY, P. J.    This was an action of assumpsit, commenced
in the Superior Court of Cook county, by appellee against appel-
lants.    The plaintiff in her declaration counted specially on five
promissory notes made by appellants.    The declaration also con-

tained the common counts. To this declaration the appellants filed the plea of non-assumpsit, accompanied by an affidavit of merits. Notwithstanding the objection of the appellants, the court, on motion of the appellee, advanced and tried said cause out of its order on the docket, under and by virtue of a certain rule of practice existing in that court, known as the "five-day rule." This is assigned for error by the appellants. This case turns upon the validity of that rule. In Nelson and Benson v. Akeson, at this term, we have passed upon the validity of that rule, and held that the matters to which that rule relates are regulated by the Practice Act of July 1st, 1872, and that the rule, as a consequence, is "void and of no effect." The court below took up and disposed of the present case out of its order on the docket, and the judgment must, therefore, be reversed and the cause remanded.

Judgment reversed.